IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BUZZBALLZ, L.L.C., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 3:15-cv-4004 |
| E. REMY MARTIN & CO., | § § § | |
| Defendants. | § | |

**PLAINTIFF BUZZBALLZ, L.L.C.'S ORIGINAL COMPLAINT
AGAINST DEFENDANT E. REMY MARTIN & CO.**

**TO THE HONORABLE COURT:**

    **COMES NOW,** Plaintiff BUZZBALLZ, L.L.C. ("BUZZBALLZ") and files this Original Complaint against Defendant E. Remy Martin & Co. (the "Complaint") and, in support of said Complaint, avers the following:

## I.   PARTIES

    1.   Plaintiff BUZZBALLZ is a Texas limited liability company with its principal place of business in Dallas County, Texas.

    2.   Defendant E. REMY MARTIN & CO. ("REMY") is a French company with a principle place of business at 20, Rue de la Societe Vinicole, 16100 Cognac, France and may be served with process by and through the Ministère de la Justice, Direction des Affaires civiles et du Sceau, Bureau du droit de l'Union, du droit international privè et de l'entraide civile (BDIP), located at 13, Place Vendôme, 75042 Paris Cedex 01, France.

## II.     JURISDICTION & VENUE

3. This Court has jurisdiction over BUZZBALLZ' claims pursuant to 28 U.S.C. §§ 1331 and 1338 in that this case relates to a determination of non-infringement of certain federally registered trademarks.

4. Venue is proper in this district with respect to BUZZBALLZ' claims pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim—namely, BUZZBALLZ' use and/or intended use of the term "XIII KINGS"—took place in this district and in that Defendants are subject to this Court's personal jurisdiction by having placed into commerce, or having permitted to be placed in to commerce, goods bearing and sold under their respective trademarks in this state.

## III.    FACTUAL BACKGROUND

5. REMY is the recorded owner of U.S. Trademark No. 3,816,880 for the term "LOUIS XIII DE RÈMY MARTIN RARE CASK" (the "'880 Mark"). A true and correct copy of the Registration Certificate for the '880 Mark is attached hereto as "Exhibit A" and is incorporated by reference as if fully set forth herein. REMY is also the recorded owner of U.S. Trademark No. 351,192 for the term "LOUIS XIII" (the "'192 Mark") (the '880 Mark and the '192 Mark are collectively referred to hereinafter as the "Louis Marks"). A true and correct copy of the Registration Certificate for the '192 Mark is attached hereto as "Exhibit B" and is incorporated by reference as if fully set forth herein.

6. BUZZBALLZ is the owner of U.S. Trademark Application No. 86,698,262 for the term "XIII KINGS" (the "Kings Mark"). A true and correct copy of the Trademark Application for the Kings Mark is attached hereto as "Exhibit C" and is incorporated by reference as if fully set forth herein.

7. On or about December 9, 2015, BUZZBALLZ received a cease and desist letter from REMY alleging a likelihood of confusion with the Louis Marks as used in connection with cognac and brandy arising from BUZZBALLZ' use and/or intended use of the Kings Mark in connection with vodka. A true and correct copy of said letter is attached hereto as "Exhibit D" and is incorporated by reference as if fully set forth herein.

8. Now, because there is no likelihood of confusion with the Louis Marks as used in connection with cognac and brandy arising from BUZZBALLZ' use and/or intended use of the Kings Mark in connection with vodka, BUZZBALLZ brings this lawsuit seeking declaratory relief under 28 U.S. § 2201 *et seq.* and respectfully requests that the Court find that the Kings Mark does not infringe the Louis Marks and enter declaratory judgment in accordance with such finding, as follows:

IV.   **REQUEST FOR DECLARATORY RELIEF AS TO NON-INFRINGEMENT**

9. Plaintiff hereby reincorporates paragraphs 1 through 8 above by reference as if set forth fully herein.

10. As set forth above, REMY owns the Louis Marks and uses the Louis Marks in connection with cognac and brandy. BUZZBALLZ owns the Kings Mark and uses and/or intends to use the Kings Mark in connection with vodka.

11. The Louis Marks and the Kings Mark are not substantially similar; apart from the shared use of the Roman numeral for thirteen, the Louis Marks and the Kings Mark are unlike in appearance, sound, and meaning.

12. The products respectively associated with Louis Marks and the Kings Mark are not substantially similar; aside from the fact that the products are distilled spirits, the vodka associated with the Kings Marks, sold or intended to be sold at an average price of $19.99, is wholly unlike

and distinct from the brandy and cognac associated with the Louis Marks and sold at price points in excess of $2,000.00.

13. The purchasers of the products respectively associated with the Louis Marks and the Kings Mark are likewise not substantially similar; a purchaser of brandy and/or cognac costing in excess of $2,000.00 is substantially dissimilar to a purchaser of vodka costing approximately $19.99. Additionally, a purchaser of brandy and/or cognac costing in excess of $2,000.00 is likely to exercise a high degree of care in making such a purchase, decreasing the likelihood of such a purchaser being confused by another product.

14. Similarly, advertising media respectively used in association with the Louis Marks and the Kings Mark are not substantially similar; the marketing used for cognac and/or brandy costing in excess of $2,000.00 is likely to be substantially dissimilar to marketing used for vodka costing approximately $19.99.

15. BUZZBALLZ has no intent to infringe or trade upon the Louis Marks; rather, as stated on the label used in association with the Kings Marks, the number thirteen was selected as part of the Kings Mark on the basis of the number of distillation and filtration steps used in producing the vodka associated with the Kings Mark.

16. There is no evidence of any actual confusion with the Louis Marks arising from BUZZBALLZ' use and/or intended use of the Kings Mark.

17. Accordingly, the factors for determining whether a likelihood of confusion exists between two trademarks demonstrate that there is no likelihood of confusion with REMY's use of the Louis Marks in connection with brandy and cognac arising from BUZZBALLZ' use and/or intended use of the Kings Mark in connection with vodka. For these reasons, because there is no such likelihood of confusion, BUZZBALLZ seeks a declaration of non-infringement, pursuant to

28 U.S.C. § 2201 and respectfully requests that the Court enter declaratory judgment in its favor accordingly.

## V.   ATTORNEYS' FEES

18.   Because of Defendant's conduct, Plaintiff has been required to retain the services of an attorney to protect its rights and interests.  Based upon the foregoing, in the event that the Court grants Plaintiff the declaratory relief sought hereinabove, Plaintiff respectfully requests that this Court award Plaintiff its costs of court and reasonable attorneys' fees as part of such relief, pursuant to 28 USC § 2202.

## VI.   PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff BUZZBALLZ, L.L.C. prays that this Court enter judgment against Defendant E. REMY MARTIN & CO., declaring that Plaintiff's use and/or intended use of the Kings Mark does not infringe Defendant's Louis Marks and awarding Plaintiff its costs of court and reasonable attorney's fees.  Plaintiff prays for such further relief, at law or in equity, to which it may show itself entitled.

**DATED:** December 18, 2015

Respectfully submitted,
**WILSON LEGALGROUP P.C.**

By:   /*s*/John T. Wilson
John T. Wilson
State Bar No. 24008284
Ryan S. Prugh
State Bar No. 24088259
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972.248.8080
(F) 972.248.8088
(E) eservice@wilsonlegalgroup.com

**ATTORNEYS FOR PLAINTIFF
BUZZBALLZ, L.L.C.**