IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BUZZBALLZ, LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-cv-4004** |
| | § | |
| **E. REMY MARTIN & CO.,** | § | |
| | § | |
| Defendant, | § | |
| | § | |

# DEFENDANT'S ANSWER AND COUNTERCLAIM

Defendant E. Remy Martin & Co. ("Remy Martin") hereby sets forth its Answer and Counterclaim to the First Amended Complaint filed by Plaintiff BuzzBallz, LLC ("BuzzBallz"). Defendant responds to the individually numbered allegations of the Complaint as follows:

1.  Remy Martin lacks sufficient information to form a belief about the allegations in this paragraph, and therefore denies the same.

2.  Admitted.

3.  Admitted.

4.  Admitted.

5.  Remy Martin admits that it is the owner of U.S. Reg. No. 3,816,880, but denies BuzzBallz's characterization of the mark in the registration. The mark is LOUIS XIII DE RÉMY MARTIN RARE CASK. Remy Martin admits the remaining allegations in Paragraph 5.

6.  Admitted.

7.  Remy Martin admits that its outside counsel sent a cease and desist letter to Plaintiff in December of 2015. Remy Martin lacks sufficient information to form a belief about when BuzzBallz received the cease and desist letter.

1

8. Remy Martin admits that BuzzBallz is bringing this lawsuit seeking declaratory relief. Remy Martin denies that BuzzBallz is entitled to declaratory relief, or there is no likelihood of confusion in this case.

9. Remy Martin incorporates by reference its responses to Paragraphs 1 through 8 above.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Remy Martin admits that it is not aware of any actual confusion as of the filing of the Answer, but only because BuzzBallz has not yet started using the XIII KINGS mark or has only very recently started using the XIII KINGS mark.

17. Denied.

18. Remy Martin admits that BuzzBallz has retained the services of an attorney. Remy Martin denies that BuzzBallz's retention of an attorney is attributable to Remy Martin's conduct, or that BuzzBallz is entitled to any costs or attorneys' fees.

WHEREFORE, Remy Martin respectfully requests that this Court enter judgment against BuzzBallz on all claims asserted, assess all costs of suit against BuzzBallz, award Remy Martin its reasonable attorneys' fees, and order such further relief as the Court deems reasonable and just.

## COUNTERCLAIM

Defendant/Counterclaimant E. Remy Martin & Co. ("Remy Martin"), by and through its undersigned counsel, for its Counterclaim against Plaintiff/Counter defendant BuzzBallz, LLC("BuzzBallz"), hereby allege and state the following:

## PARTIES

1. Defendant/Counterclaimant E. Remy Martin & Co. is a French company with a principal place of business at 20 Rue de la Societe Vinicole, 16100, Cognac, France.

2. Plaintiff/Counter defendant BuzzBallz, LLC is a Texas limited liability company with its principal place of business in Dallas County, Texas.

## JURISDICTION AND VENUE

3. This is a claim for damages and injunctive relief for trademark infringement, trademark dilution, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, et seq.

4. The Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.   BuzzBallz has submitted to the Court's personal jurisdiction by filing the Complaint in this action.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the acts complained of herein that have caused and are continuing to cause injury to Remy Martin have occurred and are continuing to occur within this district.

## REMY MARTIN'S LOUIS XIII MARK

6. Remy Martin is the world's leading producer of fine champagne cognac and related products and services.  Remy Martin was founded in 1724 and has sold its cognac in the United States since at least as early as 1884.

7. Remy Martin produces and sells highly exclusive cognac and related products and services under the mark LOUIS XIII (hereinafter "Remy Martin's LOUIS XIII Mark"). Remy Martin has offered its LOUIS XIII cognac since at least as early as the nineteenth century in the world and at least as early as 1936 in the United States.

8. Remy Martin's LOUIS XIII cognac has a long and illustrious history, having been the official purveyor of cognac to several royal courts since the end of the 19th century. Charles de Gaulle ordered a case of LOUIS XIII cognac to celebrate France's first Christmas after being liberated from German forces, and Winston Churchill ordered several cases of LOUIS XIII cognac to toast his re-election as Prime Minister in 1951.

9. Remy Martin is the owner of U.S. Reg. No. 351,192 for the mark LOUIS XIII in connection with "brandy." This mark was registered on October 19, 1937 and is valid, subsisting, and incontestable.

10. Remy Martin is the owner of U.S. Reg. No. 3,816,880 for the mark LOUIS XIII DE RÉMY MARTIN RARE CASK in connection with "wine spirit benefiting from the appellation of origin cognac" in International Class 33. This mark was registered on July 13, 2010 and is valid, subsisting, and incontestable.

11. Remy Martin is the owner of U.S. Reg. No. 3,960,690 for the mark LOUIS XIII REMY MARTIN and Design in connection with "alcoholic beverages except beers" in International Class 33. This mark was registered on May 17, 2011 and is valid and subsisting.

12. The registrations identified in Paragraph 9-11 are conclusive evidence of Remy Martin's ownership of Remy Martin's LOUIS XIII Mark and its exclusive right to use the mark LOUIS XIII in connection with cognac and other alcoholic beverages. Remy Martin has used

Remy Martin's LOUIS XIII Mark in commerce in the United States continuously and without interruption since at least as early as 1936.

13. Remy Martin also owns U.S. Application Serial No. 85/851,495 for the mark LXIII, a natural abbreviation for LOUIS XIII, in connection with alcoholic beverages in Class 33 and complementary and related services in Classes 41 and 43 (hereinafter "Remy Martin's LXIII Mark").

14. Remy Martin's LOUIS XIII and LXIII Marks are inherently distinctive. The terms LOUIS XIII and LXIII have no meaning or connotation as used in connection with Remy Martin's goods other than to identify and distinguish Remy Martin's goods.

15. Remy Martin's LOUIS XIII Mark also has an extremely high level of secondary meaning due to Remy Martin's continuous use of Remy Martin's LOUIS XIII Mark (and its variants) for 80 years in the United States and more than 100 years around the world; the sales of the goods offered by Remy Martin under the Remy Martin's LOUIS XIII Mark; Remy Martin's advertising and promotion of Remy Martin's LOUIS XIII Mark; the widespread recognition of Remy Martin and Remy Martin's LOUIS XIII Mark in the alcoholic beverages industry; the efforts of third parties to trade off of the goodwill associated with Remy Martin's LOUIS XIII Mark; and other factors.

16 Remy Martin enjoys an excellent reputation and high level of goodwill throughout the United States in connection with Remy Martin's LOUIS XIII Mark.

17. Remy Martin has consistently enforced Remy Martin's LOUIS XIII Mark and Remy Martin's LXIII Mark against third parties who have sought to use marks confusingly similar to LOUIS XIII or LXIII in connection with alcoholic beverages or related goods or services.

18.     As a result of the longtime use of Remy Martin's LOUIS XIII Mark, the extensive nationwide advertising and promotion of Remy Martin's LOUIS XIII Mark, the amount, volume, and geographic extent of sales of the goods offered in connection with Remy Martin's LOUIS XIII Mark, the extensive unsolicited media coverage of Remy Martin's LOUIS XIII Mark, and other factors, Remy Martin's LOUIS XIII Mark has become famous among the general consuming public of the United States.

## DEFENDANT'S INFRINGING XIII KINGS MARK

19.     BuzzBallz is the owner of Application Serial No. 86/698,262 for the mark XIII KINGS ("BuzzBallz's XIII KINGS Mark") in connection with "vodka" in International Class 33 ("BuzzBallz's Goods").

20.     BuzzBallz filed Application Serial No. 86/698,262 for BuzzBallz's XIII KINGS Mark on July 20, 2015, based upon its intent to use the mark in commerce.

21.     Upon information and belief, BuzzBallz did not use BuzzBallz's XIII KINGS Mark in connection with BuzzBallz's Goods or any other goods or services prior to July 20, 2015, the filing date of Application Serial No. 86/698,262.

22.     Upon information and belief, BuzzBallz did not use BuzzBallz's XIII KINGS Mark in connection with BuzzBallz's Goods or any other goods or services in interstate commerce in the United States prior to July 20, 2015, the filing date of Application Serial No. 86/698,262.

23.     Upon information and belief, BuzzBallz was well aware of Remy Martin and Remy Martin's LOUIS XIII and LXIII Marks prior to filing Application Serial No. 86/698,262 for BuzzBallz's XIII KINGS Mark.

6

24. Remy Martin's 1936 date of first use of its Remy Martin's LOUIS XIII Mark is well prior to the July 20, 2015 filing date of Serial No. 86/698,262 for BuzzBallz's XIII KINGS Mark, as well as any use of BuzzBallz's XIII KINGS Mark by BuzzBallz.

25. The filing dates of Remy Martin's registrations and applications for its LOUIS XIII Marks and LXIII Mark (listed in Paragraphs 5-9 above) are all well prior to the July 20, 2015 filing date of Serial No. 86/698,262 for BuzzBallz's XIII KINGS Mark, as well as any use of BuzzBallz's XIII KINGS Mark by BuzzBallz.

26. Therefore, Remy Martin's rights in its LOUIS XIII and LXIII Marks are superior to any rights that BuzzBallz may have in BuzzBallz's XIII KINGS Mark.

27. BuzzBallz's XIII KINGS Mark is highly similar to Remy Martin's LOUIS XIII and LXIII Marks in appearance, pronunciation, concept, meaning, and commercial impression.

28. BuzzBallz's Goods are extremely closely related to Remy Martin's Goods.

29. BuzzBallz's Goods will be offered and promoted to the same classes of consumers as Remy Martin's Goods, through identical or virtually identical channels of trade.

30. BuzzBallz adopted BuzzBallz's XIII KINGS Mark with full knowledge of Remy Martin's prior rights in Remy Martin's LOUIS XIII and LXIII Marks, and with the intent to trade off the goodwill associated with Remy Martin's LOUIS XIII and LXIII Marks.

31. BuzzBallz's XIII KINGS Mark so resembles Remy Martin's LOUIS XIII and LXIII Marks, when applied to BuzzBallz's Goods, to cause confusion, to cause mistake, or to deceive, by creating the erroneous impression that BuzzBallz's Goods originate from or are associated with Remy Martin, or that BuzzBallz's Goods are authorized, endorsed or sponsored by Remy Martin.

## COUNT I
## TRADEMARK INFRINGEMENT
## UNDER THE LANHAM ACT, 15 U.S.C. § 1114

32. Remy Martin repeats and re-alleges paragraphs 1 through 31 herein.

33. Remy Martin's LOUIS XIII Mark is widely recognized by consumers throughout the United States as identifying the goods and services of Remy Martin.

34. Upon information and belief, BuzzBallz is advertising and selling or intends to imminently begin advertising and selling its vodka bearing BuzzBallz's XIII KINGS Mark in interstate commerce in the United States.

35. BuzzBallz's XIII KINGS Mark is highly similar to Remy Martin's LOUIS XIII and LXIII Marks in appearance, pronunciation, and commercial impression.

36. BuzzBallz's Goods are extremely closely related to Remy Martin's Goods.

37. BuzzBallz's Goods will be offered and promoted to the same classes of consumers as Remy Martin's Goods, through identical or virtually identical channels of trade.

38. BuzzBallz adopted BuzzBallz's XIII KINGS Mark with full knowledge of Remy Martin's prior rights in Remy Martin's LOUIS XIII and LXIII Marks, and with the intent to trade off the goodwill associated with Remy Martin's LOUIS XIII and LXIII Marks.

39. The consumers who purchase BuzzBallz's XIII KINGS vodka are highly likely to believe that these products are sold by, licensed by, approved by, or otherwise associated with Remy Martin, due to the similarity between BuzzBallz's XIII KINGS Mark and Remy Martin's LOUIS XIII Mark and LXIII Mark.

40. As a direct consequence of BuzzBallz's actions, consumers and the public are likely to be, mistaken, deceived or confused as to the source, origin, sponsorship and/or affiliation of BuzzBallz's products and their relationship to Remy Martin.

41. Upon information and belief, BuzzBallz's purpose in selling the XIII KINGS vodka was and is to deceive, mislead and confuse customers and the public into believing that the products offered by BuzzBallz are sponsored by, licensed by, or associated with Remy Martin, so as to trade on the substantial fame, reputation and goodwill enjoyed by Remy Martin in its LOUIS XIII Mark.

42. BuzzBallz's unlawful acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

43. By reason of BuzzBallz's unlawful acts and practices in violation of the Lanham Act, Remy Martin has suffered, and is likely to continue to suffer, damage to its business, reputation and goodwill, for which Remy Martin is entitled to injunctive, monetary and other relief, and will continue to suffer irreparable harm which is not fully compensable by money damages.

## COUNT II
## TRADEMARK DILUTION UNDER THE LANHAM ACT, 15 U.S.C. § 1125

44. Defendant/Counterclaimant Remy Martin repeats and re-alleges paragraphs 1 through 43 herein.

45. As a result of the longtime use of Remy Martin's LOUIS XIII Mark, the extensive nationwide advertising and promotion of Remy Martin's LOUIS XIII Mark, the amount, volume, and geographic extent of sales of the goods offered in connection with Remy Martin's LOUIS XIII Mark, the extensive unsolicited media coverage of Remy Martin's LOUIS XIII Mark, and other factors, Remy Martin's LOUIS XIII Mark has become famous among the general consuming public of the United States.

46. Remy Martin's LOUIS XIII Mark became famous long before BuzzBallzs' first use of the XIII KINGS mark.

47. BuzzBallz uses or intends to imminently begin using the mark XIII KINGS in connection with vodka which is sold and offered for sale in the United States.

48. Upon information and belief, BuzzBallz' use and/or intended use of the mark XIII KINGS has been intentional and in bad faith, with the intent to trade on Remy Martin's reputation and with the intent to cause dilution of Remy Martin's LOUIS XIII Mark.

49. BuzzBallz' use and/or intended use of the mark XIII KINGS has caused and is likely to continue to cause dilution of the distinctive quality of Remy Martin's LOUIS XIII Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

50. By reason of BuzzBallz' unlawful acts and practices, Remy Martin has suffered and will continue to suffer damage to its business, reputation and goodwill, for which it is entitled to injunctive relief.

## COUNT III

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT, 15 U.S.C. §1125(A)

51. Defendant/Counterclaimant Remy Martin repeats and re-alleges paragraphs 1 through 50 herein.

52. BuzzBallz's bad faith use in commerce of the mark XIII KINGS in connection with vodka is likely to cause confusion, mistake, or deception due to the similarity of BuzzBallz's XIII KINGS Mark to Remy Martin's LOUIS XIII Mark and LXIII Mark.

53. BuzzBallz's use and/or intended use of the mark XIII KINGS constitutes unfair competition, misrepresentation, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

**PRAYER FOR RELIEF**

WHEREFORE, Remy Martin prays that this Court enter judgment in its favor and grant the following relief:

A. An injunction enjoining BuzzBallz and its officers, directors, employees, subsidiaries or affiliates from using the mark XIII KINGS and any other mark, trade name or source identifier which is confusingly similar to Remy Martin's LOUIS XIII Mark and/or Remy Martin's LXIII Mark;

B. An injunction enjoining BuzzBallz and its officers, directors, employees, subsidiaries or affiliates from selling, advertising or promoting any goods or services that infringe upon or dilute Remy Martin's LOUIS XIII and/or Remy Martin's LXIII Mark;

C. That Remy Martin be awarded its actual damages and lost profits in an amount to be proven at trial;

D. That BuzzBallz be required to account for any profits attributable to its infringing acts;

E. That Remy Martin be awarded the greater of three times BuzzBallz' profits and three times any damages sustained by Remy Martin, and prejudgment interest;

F. That punitive damages be awarded to Remy Martin;

G. That all products, labels, packages, and advertising and promotional materials in the possession of BuzzBallz bearing the mark XIII KINGS, any other marks confusingly similar to Remy Martin's LOUIS XIII Mark and/or Remy Martin's LXIII Mark, and/or, any word, term, name, symbol, device, combination thereof, designation, description, or representation that is found in violation of the Lanham Act, or any reproduction, counterfeit, copy, or colorable

11

imitation thereof, and all plates, molds, matrices, and other means of making the same, shall either be delivered to Remy Martin, or destroyed;

  H. That pursuant to 15 U.S.C. § 1116, BuzzBallz file and serve a report under oath within thirty days of the issuance of injunctive relief indicating the manner in which it has complied with any injunctive relief ordered by the Court;

  I. That Remy Martin be awarded its reasonable attorneys' fees in prosecuting this action; and

  J. That Remy Martin be granted such other and further relief which the Court deems just and proper.

Dated: June 20, 2016       Respectfully submitted,

            /s/ Elizabeth L. DeRieux
            Elizabeth L. DeRieux (TX Bar No. 05770585)
            CAPSHAW DERIEUX, LLP
            114 E. Commerce Ave.
            Gladewater, Texas 75647
            Telephone: 903-845-5770
            E-mail: ederieux@capshawlaw.com

            *Attorneys for Defendant E. Remy Martin & Co.*

**CERTIFICATE OF SERVICE**

  I hereby certify that the all counsel of record, who are deemed to have consented to electronic service are being served June 20, 2016, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.1(d).

            */s/ Elizabeth L. DeRieux*
            ELIZABETH L. DERIEUX